

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

July 3, 2024

The Honorable John R. Gillespie
Wichita County Criminal District Attorney
900 Seventh Street
Wichita Falls, Texas 76301-2482

**Opinion No. KP-0470**

Re: Calculation of the limitation of school tax on homesteads of the elderly or disabled under Texas Tax Code section 11.26 (RQ-0528-KP)

Dear Mr. Gillespie:

You seek our opinion regarding the calculation of the ceiling on the school taxes that may be imposed on the homestead of certain elderly or disabled persons under Tax Code section 11.26.[1] You state that section 11.26 was enacted in 1997 to "put into place the limitation (ceiling) established" by article VIII, subsection 1-b(d), Texas Constitution. Request Letter at 1; *see* TEX. CONST. art. VIII, § 1-b(d) (prohibiting the total amount of ad valorem taxes imposed on a homestead by a school district from being increased while the property remains the homestead of a person who is disabled or sixty-five years of age or older). You describe the calculation as the lower of the tax levies imposed in "both the first and second year after a homestead qualifie[s] . . . ." Request Letter at 1; *see also* TEX. TAX CODE § 11.26(a). You explain that in 2021, Senate Bill 12 amended section 11.26 to add additional subsections that "recalculate the ceiling based on [certain] reductions in school tax rate from 2019 forward." Request Letter at 1; *see also* TEX. TAX CODE § 11.26(a-5)–(a-9). You note the recalculation is based on the first year of homestead qualification rather than on a comparison between the first and second-year levies and you indicate that you therefore believe the two methods of calculation conflict. Request Letter at 1.

---

[1] *See* Letter from Honorable John R. Gillespie, Wichita Cnty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 4, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ528KP.pdf ("Request Letter").

**The historical relationship between Tax Code section 11.26 and subsection 11.13(c)**

For context, it is important to understand some of the interplay between Tax Code section 11.26 and subsection 11.13(c). The ceiling in Tax Code section 11.26 involves the tax exemption provided by subsection 11.13(c), which entitles an eligible person who is disabled or who is sixty-five or older to an additional exemption from school taxes on their homestead residence.[2] TEX. TAX CODE §§ 11.26(a), .13(c) (requiring school districts to provide an additional $10,000 residence homestead exemption); *see also* TEX. CONST. art. VIII, § 1-b(c) (authorizing a tax exemption for a disabled person or a person sixty-five years of age or older). Because Texas law as a general matter makes a tax exemption effective on January 1 of a given year, historically the exemption in subsection 11.13(c) did not become effective until January 1 of the year after the person qualified for the exemption. *See* TEX. TAX CODE § 11.42(a) (providing that an exemption is determined by an applicant's qualifications on, and is applicable starting, January 1 of any given year); *see also* ENROLLED BILL SUMMARY, Tex. S.B. 1437, 75th Leg., R.S. (1997) at 1.

In 1997, the Legislature changed the effective date of the subsection 11.13(c) exemption from January 1 to "immediately on qualification" for those sixty-five and older and instituted a mathematical formula to prorate the exemption for those who qualified for only a partial year. Act of May 28, 1997, 75th Leg., R.S., ch. 1059, §§ 1, 6, 1997 Tex. Gen. Laws 4030, 4030, 4031–32 (then codified at TEX. TAX CODE §§ 11.42(b), 26.112). To further accommodate this change, the same legislation amended subsection 11.26(a) to limit school taxes for those sixty-five and older to the lesser amount of the taxes assessed the year a property owner turned sixty-five or those assessed in the succeeding year. *Id.* § 3 at 4030 (codified at TEX. TAX CODE § 11.26(a)). This framework remained in place until 1999.

Then in 1999, the Legislature again altered the timing aspect of qualifying for the subsection 11.13(c) exemption to provide that it was effective on January 1 of the qualifying year and applied to the entire year. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 3, 1999 Tex. Gen. Laws 5097, 5098 (codified at TEX. TAX CODE § 11.42(c)); *see also* Act of May 29, 2003, 78th Leg., R.S., ch. 411, § 5, 2003 Tex. Gen. Laws 1658, 1660 (codified at TEX. TAX CODE § 26.10(b)) (extending this framework in 2003 to disabled individuals). This new framework remains in effect today. In all of these changes, however, the Legislature did not eliminate the language in subsection 11.26(a) that limited school district taxes to the lesser amount as between those imposed the year of qualification or those imposed the following year.

---

[2]The residence homestead exemption found in section 11.13 generally exempts a part of the value of a person's residence from specified taxes. TEX. TAX CODE § 11.13(a), (b) (requiring school districts to provide a $100,000 exemption on a residence homestead); *see also id.* § 11.13(j)(1) (defining "[r]esidence homestead").

Pertinent to your question, in 2021 the Legislature added subsections (a-5) through (a-9)[3] to section 11.26.[4] *See* Act of Aug. 27, 2021, 87th Leg., 2d C.S., ch. 14, § 1, 2021 Tex. Gen. Laws 3959, 3959–62 ("Senate Bill 12"); Tex. S.J. Res. 2, 87th Leg., 2d C.S., 2021 Tex. Gen. Laws 3970, 3970–71[5] (proposing a constitutional amendment to lower the property tax ceiling to reflect school district compressed rates). We hereinafter refer to these provisions collectively as the "compression adjustment provisions." It is the interplay between these provisions and the surviving language in subsection 11.26(a) regarding the two-year comparison that prompts your question.

**Subsections 11.26(a-5) through 11.26(a-9) apply "notwithstanding" the language that remains in subsection 11.26(a).**

As noted, section 11.26 establishes a limit, or ceiling, on ad valorem taxes that a school district may impose on the homestead of a disabled person or a person who is sixty-five or older. TEX. TAX CODE § 11.26(a) (providing that the amount a school district may impose is "the amount of the tax as limited by this section"). Its ceiling calculation first looks to the amount of tax "in the first tax year in which the individual qualified" the residence homestead for the subsection 11.13(c) exemption. *Id*. For those instances in which an individual's tax burden is less in the year after first qualifying for the exemption than in the qualifying year, subsection 11.26(a)'s ceiling calculation provides that

> [i]f the individual qualified that residence homestead for the exemption after the beginning of that first year and the residence homestead remains eligible for the same exemption for the next year, and if the school district taxes imposed on the residence homestead in the next year are less than the amount of taxes imposed in that first year, a school district may not subsequently increase the total annual amount of ad valorem taxes it imposes on the residence homestead above the amount it imposed in the year immediately following the first year for which the individual qualified that

---

[3]For ease of discussion, we limit our discussion to subsections 11.26(a-5) through (a-9) as added by Senate Bill 12. *See* Act of Aug. 27, 2021, 87th Leg., 2d C.S., ch. 14, § 1, 2021 Tex. Gen. Laws 3959, 3959–62. Though included in Senate Bill 12, subsection (a-10) was later amended in 2023 and is forward-looking by applying to individuals that first qualify for the tax limitation "in the 2024 or a subsequent tax year . . . ." TEX. TAX CODE § 11.26(a-10). Subsection 11.26 also now includes subsections (a-11) through (a-12) that were added in 2023. *See* Act of July 13, 2023, 88th Leg., 2d C.S., ch. 1, § 3.01, 2023 Tex. Gen. Laws 4700, 4701–03. To the extent those provisions contain language similar to what we construe herein, they would be construed similarly.

[4]These provisions were intended to address property tax reduction inequities resulting from the passage of legislation in 2019 that compressed the school maintenance and operations (M&O) tax rate for most property taxpayers but not for persons with an exemption for being disabled or sixty-five or older. *See* HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. S.B. 12, 87th Leg., 2d C.S. (2021) at 4 (recognizing that while previous legislation "provided relief for many homeowners, those who are disabled or elderly did not see the same benefits because of constitutional limitations on property tax exemptions"). The new provisions "increase[d] property tax relief for those taxpayers by providing compression for the tax ceiling from 2019 through 2023." *Id*.

[5]The proposed constitutional amendment to article VIII, section 1-b was approved by Texas voters. *See* TEX. LEGIS. COUNCIL, AMENDMENTS TO THE TEXAS CONSTITUTION SINCE 1876 at 92 (May 2024), https://www.tlc.texas.gov/docs/amendments/Constamend1876.pdf.

residence homestead for the same exemption, except as provided by Subsection (b).[6]

*Id.* (footnote added).

But section 11.26 also contains the compression adjustment provisions in subsections (a-5) through (a-9), which require a different set of calculations. *Id.* § 11.26(a-5)–(a-9). These provisions are all similar but as an example, subsection (a-6) provides that

> [n]otwithstanding the other provisions of this section, if in the 2023 tax year an individual qualifies for a limitation on tax increases provided by this section on the individual's residence homestead and *the first tax year the individual [or spouse] qualified for an exemption under Section 11.13(c) for the same homestead was the 2019 tax year*, the amount of the limitation provided by this section on the homestead in the 2023 tax year is equal to the amount computed by:
>
> . . . .

*Id.* § 11.26(a-6) (emphasis added). As indicated by the italicized language, the initial component of these calculations identifies a specific starting year for the calculation. *Id.* Subsection (a-5) identifies the starting year as a tax year prior to the 2019 tax year and subsections (a-7) through (a-9) respectively identify the relevant starting tax year as 2020, 2021, and 2022. *Id.* § 11.26(a-5), (a-7)–(a-9).

The second component in these calculations applies the compressed rate to each of the intervening tax years after the starting year.[7] Technically, the computation for each of the (a-5)–(a-9) compression adjustment provisions begins with subdivision (1) providing for the multiplication of the taxable value of the homestead in the stated tax year by a specified rate to account for the relevant compression adjustment.[8] *Id.* § 11.26(a-5)(1), (a-6)(1), (a-7)(1), (a-8)(1),

---

[6]Subsection (b) allows a school district to increase the tax if certain improvements are made to the individual's residence homestead. TEX. TAX CODE § 11.26(b).

[7]*See id.* § 11.26(a-5)(1)–(15) (providing subsequent calculation method for the compression adjustment for the 2018 through 2023 tax years when the first year of qualification was a tax year before the 2019 tax year), 11.26(a-6)(1)–(12) (providing subsequent calculation method for the compression adjustment for the 2019 through 2023 tax years when the first year of qualification was the 2019 tax year), 11.26(a-7)(1)–(9) (providing subsequent calculation method for the compression adjustment for the 2020 through 2023 tax years when the first year of qualification was the 2020 tax year), 11.26(a-8)(1)–(6) (providing subsequent calculation method for the compression adjustment for the 2021 through 2023 tax years when the first year of qualification was the 2021 tax year), 11.26(a-9)(1)–(3) (providing subsequent calculation method for compression adjustment for the 2022 and 2023 tax years when the first year of qualification was the 2022 tax year).

[8]The first in the sequence, subsection 11.26(a-5), uses a multiplier for subdivision (1) as the "tax rate equal to the difference between the school district's tier one maintenance and operations rate for the 2018 tax year and the district's maximum compressed rate for the 2019 tax year[.]" *Id.* § 11.26(a-5)(1). Subsequent subsections all use the

(continued…)

(a-9)(1). Then, each subdivision (2) provides that the amount calculated in subdivision (1) is subtracted from the amount of "tax the district imposed" in a specified year, with that specified year being the tax year specified as the first year of qualification. *Id.* § 11.26(a-5)(2), (a-6)(2), (a-7)(2), (a-8)(2), (a-9)(2).

The key point is that because this step in the compression adjustment calculation starts with the taxes imposed only in the first year the person qualified for the exemption and cascades from that year on, the compression adjustment provisions do not account for a lesser amount of taxes that might have been imposed in the second year the person qualified for the exemption.[9] Said differently, nothing in the calculations in subsection (a-5) through (a-9) incorporate a lower ceiling that a property owner may have had in the year after the first year the person qualified under the two-year comparison under subsection 11.26(a). Accordingly, a person entitled to a lower ceiling under subsection 11.26(a) for the specified tax years does not have the benefit of that two-year comparison for the lower ceiling as the starting point for the compression adjustment. Hence, the appearance of an apparent statutory conflict between the tax ceiling calculation method in subsection 11.26(a) and the calculation employed by subsections (a-5) through (a-9).

That said, the plain text of subsections 11.26(a-5) through (a-9) resolves what would otherwise be a conflict. Each subsection begins with the phrase "[n]otwithstanding the other provisions of this section[.]" *Id.* § 11.26(a-5)–(a-9). The use of the word "notwithstanding" indicates that the Legislature intended these subsections to be controlling. *In re Lee*, 411 S.W.3d 445, 454 (Tex. 2013) (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 413–14 (Tex. 2011) (holding that a "notwithstanding any other law" provision evidenced clear legislative intent to resolve any interpretation conflicts in favor of the statute containing the provision)); *see also* Tex. Att'y Gen. Op. No. KP-0287 (2020) at 4 (recognizing that "the word 'notwithstanding' means 'despite' or 'in spite of'" (quoting *State v. Pub. Util. Comm'n*, 110 S.W.3d 580, 586 (Tex. App.—Austin 2003, no pet.))). The compression adjustment provisions in subsections 11.26(a-5) through (a-9)[10] thus control over subsection 11.26(a) in the event of a conflict. Accordingly, a court would likely conclude that the school tax ceiling calculation should be computed without reference to the two-year comparison in subsection 11.26(a).[11]

---

same language to identify the multiplier in their respective subdivision (1): "tax rate equal to the difference between the school district's maximum compressed rate for the [tax year specified in the initial provision] year and the district's maximum compressed rate for the [subsequent] tax year[.]" *Id.* § 11.26(a-6)(1), (a-7)(1), (a-8)(1), (a-9)(1).

[9]Subsequent compression adjustment calculation steps do refer to "tax[es] *imposed in the 2019 tax year* attributable to improvements made in the 2018 tax year," but this language refers to an additional amount allowed beyond the ceiling. *Id.* § 11.26(a-5)(3), (b) (emphasis added) (authorizing a school district to increase that tax on the homestead "[i]f an individual makes improvements" to the residence homestead); *see supra* note 6.

[10]*See supra* note 3.

[11]We note however that these provisions are only effective until January 1, 2025. *See* Act of July 13, 2023, 88th Leg., 2d C.S., ch.1, § 3.15(b), 2023 Tex. Gen. Laws 4700, 4706 (repealing subsections 11.26(a-5) through (a-9) effective January 1, 2025).

**S U M M A R Y**

Tax Code section 11.26 sets a ceiling on the taxes a school district may impose on individuals qualifying for a property tax exemption as a disabled person or person sixty-five or older under Tax Code subsection 11.13(c). Subsection 11.26(a) includes a computation that compares the amount of tax imposed in the first and second year the person qualifies for the exemption. The computation of that ceiling under other provisions in section 11.26 that adjust for the Legislature's compression of school district maintenance and operations taxes (subsections (a-5) through (a-9)) does not include the two-year comparison set forth in subsection 11.26(a). But each of these compression adjustment provisions apply "notwithstanding" the other provisions of section 11.26. Accordingly, they control over the two-year comparison in subsection 11.26(a), and the school tax ceiling should be computed pursuant to those subsections without reference to the two-year comparison.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee